[No. 3,788.]

## TOBIN ET AL. *v.* GALVIN ET AL.

LIABILITY OF WIFE TO BE SUED.—The Act of March 9, 1870, which provides that while the wife lives separate and apart from her husband she shall have the sole use of her property, and may sue and be sued, etc., does not apply to a case where the wife is temporarily absent from her husband with his consent, but to cases where there has been an abandonment on the part of the husband or wife, or a separation which is intended to be final.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The defendant, Mrs. Campbell, while stopping at Los Angeles, as stated in the opinion, entered into a partnership with the defendant Galvin, in the millinery and fancy goods business in March, 1872, and the firm became indebted to the plaintiffs in the sum of eight hundred and fifty-nine dollars and eleven cents, for goods purchased in said business. The plaintiff recovered judgment against defendant Galvin, and appealed from the judgment in favor of defendant Campbell.

The other facts are stated in the opinion.

*O. Mulveny & Hazard*, for the Appellant.

An Act to protect the rights of married women in certain cases (Laws of 1869–70, page 226), covers this case:

"Section 2. The earnings and accumulations of the wife * * * while the wife is living separate and apart from her husband, shall be the separate property of the wife.

"Section 3. The wife, while living separate and apart from her husband, shall have the full and exclusive control of her separate property, and may sue or be sued, without joining or being joined with her husband," etc.

The statute does not say, that the wife so living separate from her husband, before she can be held liable for merchandize purchased in the course of her mercantile business, carried on for her own gain, when that separation is grounded on unfriendly relations or domestic difficulties, transient or irreconcilable between them.

Those causes do most frequently exist when husband and wife do not live together, it is true, but this statute has included no such expressions in its terms, and we know no reason why the Court should substitute or embrace them in it.

It declares that, while the wife lives separate from her husband her earnings and accumulations shall be her separate property. The findings show she expected to live separate a year, and that she did so. That she commenced earning and accumulating for her own gain and profit.

*Kewen & Howard,* for Respondent.

By the Court, RHODES, J.:

Action to recover the price of goods sold and delivered. The defendant, Mrs. Campbell, answered, denying the indebtedness, etc., and alleging that at the time when the alleged indebtedness accrued, and ever since, she was a married woman, and has never lived separate and apart from her husband. The Court found that the husband of the defendant resided in Prescott, Arizona; that at his request his wife came to Los Angeles to improve a certain tract of land, and to remain there until he should write to her to return to him, which was expected to be within a year; that her husband furnished her with money for her support, and for the improvement of the lot of land; that the husband and wife corresponded by letters every week; that he visited her twice during the time she remained at Los Angeles; that she returned to Prescott within a year after her arrival at Los Angeles; and that her husband had no knowledge that she was engaged in the business mentioned in the complaint. The Court ordered judgment for the defendant Campbell.

The plaintiffs rely upon the Act of March 9, 1870, entitled "an Act to protect the rights of married women in certain cases." (Statutes 1869–70, p. 226.) The third section of the Act provides that "the wife, while living separate and apart from her husband, shall have the sole and exclusive control of her separate property, and may sue and be sued without joining or being joined with her husband, and may avail herself of, and be subject to, all legal process in all actions, including actions concerning her real estate." It is contended by the plaintiffs that the facts of the case show that the defendant, Campbell, was "living separate and apart from her husband," within the meaning of that section. In our opinion, the language of the Act will not bear that construction. A temporary absence of the wife from her husband does not come within the meaning of the Act. There must have been an abandonment on the part of the

husband or wife, or a separation which was intended to be final. The provisions of that Act appearing to have been superseded by the Civil Code, it will not be profitable, at this time, to consider at any length this or any of the other questions arising under that Act. It is sufficient now to say that it was not the purpose of the Act to provide for cases where the wife was temporarily absent from her husband, with his consent.

Judgment and order affirmed.

Mr. Chief Justice WALLACE did not express an opinion.