[No. 11176.   Department Two.   December 3, 1913.]

MARY SCHNEIDER, *Respondent*, v. JOHN BIBERGER, *Appellant*.[1]

HUSBAND AND WIFE—ACTIONS—PARTIES — NECESSARY PLAINTIFFS. In an action by a married woman for damages for an indecent assault, the husband is a necessary party plaintiff, under Rem. & Bal. Code, § 181, providing that the husband must be joined with the wife except when the action concerns her separate property, or the action is between husband and wife, or when she is living separate and apart from her husband.

SAME—ACTIONS—PARTIES—LIVING "SEPARATE AND APART"—TEMPORARY ABSENCE—EVIDENCE—SUFFICIENCY. A wife is not shown to be living separate and apart from her husband so as to render it unnecessary to join him as a party plaintiff in an action by her for an indecent assault, committed June 15, by evidence that for two weeks prior to the assault she had been residing with her parents, and a week subsequent to the assault she returned to her husband's home where she remained, save for time spent in a hospital, until an action for divorce was commenced Aug. 19th; since her absence was only of a temporary nature.

SAME—PARTIES—AFTER DIVORCE—COMMUNITY PROPERTY — RIGHTS OF ACTION. The granting of a divorce without disposing of property rights does not dispense with the necessity of joining the former husband as a party plaintiff in an action for an indecent assault committed on the wife while the marriage relation existed; since the right of action was community property, and after the divorce becomes their common property.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered January 2, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort.   Reversed.

[1]Reported in 136 Pac. 701.

*Geo. D. Abel* and *W. H. Abel*, for appellant.

*Taggart & Phillips* and *Conway & Snider*, for respondent.

MORRIS, J.—The amended complaint in this action sought to set up a cause of action based upon an indecent assault by appellant upon respondent, resulting in a miscarriage. The first paragraph of the amended complaint alleged, "that on or about June 15, 1911, plaintiff was a married woman residing at the home of her parents . . ." To this complaint a demurrer was interposed, pleading a defect of parties plaintiff and insufficiency of facts to constitute a cause of action. The demurrer was overruled, to which ruling exception was taken. The trial resulted in verdict and judgment for respondent, from which this appeal was taken.

The error upon which appellant most strongly relies is the ruling of the court below upon the demurrer. It seems clear to us that this ruling was erroneous. The amended complaint alleging that plaintiff was a married woman at the time of the assault, the cause of action arising therefrom, and the damages recoverable therefor, were clearly such as to make the husband a necessary party to the action. *Hawkins v. Front St. Cable R. Co.*, 3 Wash. 592, 28 Pac. 1021, 28 Am. St. 72, 16 L. R. A. 808; *Davis v. Seattle*, 37 Wash. 223, 79 Pac. 784; *Matthews v. Spokane*, 50 Wash. 107, 96 Pac. 827; *Maynard v. Jefferson County*, 54 Wash. 351, 103 Pac. 418; *Magnuson v. O'Dea*, 75 Wash. 574, 135 Pac. 640.

Rem. & Bal. Code, § 181 (P. C. 81 § 11), provides that, when a married woman is a party, her husband must be joined with her, except, (1) in actions concerning her separate property; (2) when the action is between husband and wife, and (3) when the wife is living separate and apart from the husband. No allegation of the amended complaint brought the cause of action within these exceptions.

Respondent contends that the complaint should be regarded as amended to comply with the proof, and that the proof

shows that, at the time the cause of action arose, respondent was living separate and apart from her husband, and hence could maintain the action in her own name. It might be answered, first, that this is not a suit in equity, and hence equitable rules should not obtain. Seeking, however, to avoid rather than to assert any technical ruling, we have read the evidence, and hold that respondent there fails to show that she was living separate and apart from her husband. She testifies that, on June 15, 1911, the time of the alleged assault, she had been residing with her parents for about two weeks, and that a week subsequent to the assault she returned to her husband's home, where she remained until she went to the hospital for an operation; that she returned to her husband's home from the hospital, and remained with him until she commenced an action for divorce, the complaint in which was verified August 19, 1911. These facts do not establish a living "separate and apart" within the meaning of the statute. How can it be said that, on June 15, the wife was living separate and apart from her husband, when, within a few days thereafter, she returns to him and resumes marital relations? The return within a few days shows that the absence from the husband was of a temporary nature. Such an absence does not constitute a "living separate and apart." Such a situation can only arise where there is an abandonment or desertion by the husband or wife, or a separation which was intended to be final. *Tobin v. Galvin,* 49 Cal. 34; *Lamb v. Harbaugh,* 105 Cal. 680, 39 Pac. 56; *Humphrey v. Pope,* 122 Cal. 253, 54 Pac. 847. The return to the husband's home and remaining there until the commencement of the divorce proceedings negatives the requirements of the statute, and clearly establishes that, on June 15, there had been no abandonment by either husband or wife, and no intention on the part of the wife to permanently live apart from the husband.

It is suggested by respondent that, as the community had been dissolved by the divorce decree prior to the commence-

ment of this action, .the respondent had no husband to join in the action. The divorce did not change the situation so far as property rights were concerned. The cause of action having arisen during the existence of the community, the damages would be community property, as the community status of property is determined and fixed at the time the property is acquired. *Katterhagen v. Meister*, 75 Wash. 112, 134 Pac. 673. Respondent did not possess this right of action at the time of her marriage; neither did she acquire it by gift, devise, or inheritance; and as all other property acquired by a married woman, except the issues and profits of separate property, is community property, it follows that the right of action and the damages recoverable were community property. *Abbott v. Wetherby*, 6 Wash. 507, 33 Pac. 1070, 36 Am. St. 176.

The respondent could have had this cause of action awarded to her in the divorce decree had she submitted it to the court, but not having done so, its character is not disturbed by the decree. The community having been dissolved, there can now, of course, be no community property strictly speaking; but such property as was community property prior to the decree and not disposed of thereby would become common property, in which husband and wife would retain all the interest vested in them prior to the decree. *Ambrose v. Moore*, 46 Wash. 463, 90 Pac. 588, 11 L. R. A. (N. S.) 103; *Barkley v. American Sav. Bank & Trust Co.*, 61 Wash. 415, 112 Pac. 495. So that, whether the cause of action and the damages recoverable be now regarded as community or common property, the necessity for joining the husband in the action would be the same.

For these reasons, we hold the complaint cannot sustain the judgment, and the judgment is reversed.

Crow, C. J., Mount, and Parker, JJ., concur.

Fullerton, J. (dissenting)—The wrong here committed, if any, was an "unjust usurpation of the wife's natural

right," and in my opinion she may maintain an action there-
for in her individual name under Rem. & Bal. Code, § 5926
(P. C. 95 § 5).