[No. 15317.   Department One.   December 3, 1919.]

LEAH HYNES, *Appellant*, v. COLMAN DOCK COMPANY
et al., *Respondents*.[1]

HUSBAND AND WIFE (87) — COMMUNITY PROPERTY — PERSONAL IN-
JURIES TO WIFE—ACTIONS—PARTIES.   A wife, living with her hus-
band, cannot, in the absence of any reason for not joining him, main-
tain an action alone for personal injuries, since the same is com-
munity property in the sole management and control of the hus-
band, under Rem. Code, § 5917.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered September 20, 1918,
upon sustaining a demurrer to the complaint, dismiss-
ing an action in tort.   Affirmed.

*Russell & Blinn* (*J. W. Russell*, of counsel), for ap-
pellant.

*J. Speed Smith* and *Henry Elliott, Jr.*, for respond-
ents.

MACKINTOSH, J.—The appellant, a married woman,
instituted this suit against the respondents for dam-
ages arising from personal injuries sustained by her
through the alleged negligence of respondents.   The
appellant's husband was made a party defendant for
the reason, as alleged, "that plaintiff is unable to
procure the consent of her husband to join in with her
as one of the plaintiffs herein."   A demurrer to the
complaint on the ground of defect of parties plaintiff
was sustained, and the case is here for us to decide
whether a wife can maintain an action for personal
injuries to herself without her husband joining as
party plaintiff when he has merely refused to so join.

The tort action here involved was community per-
sonal property, and, therefore, under Rem. Code,

[1]Reported in 185 Pac. 617.

§ 5917, giving the husband like power thereover as he has of his separate personal property, he has the sole power of managing, contracting and disposing thereof. In *Hawkins v. Front Street Cable R. Co.*, 3 Wash. 592, 28, Pac. 1021, 28 Am. St. 72, 16 L. R. A. 808, the right to sue for personal injury to the wife was held to be in that member of the community who has the disposition of the community personalty, and "in this case, therefore, the husband was the only necessary party, though the wife was a proper party." The *Hawkins* case cites *Ezell v. Dodson,* 60 Tex. 331, which resembles the case at bar, it being one which the wife had begun for damages for an assault and battery committed on her by a third party. Her husband was not joined as a party plaintiff, and this omission was explained by his refusal to join and the fact that he and his wife were living separate and apart. The Texas court said:

"The mere fact that husband and wife are not living together does not authorize the wife to sue alone in any case where she could not thus sue if they were not separated. The refusal of a husband to become a party to an ordinary suit to recover community property would not give the wife the power to sue alone, when they were living together and he was exercising rightful control over the common estate. She could not, contrary to his wishes, assume the control over such estate and bring suit for its recovery, and his refusal to join in such an action would be sufficient to defeat it. An ordinary separation, and much less one caused by her own unprovoked abandonment, would not give her more rights in this respect than she would possess if living amicably with her husband.

"Ordinarily there would be no difference between an action upon contract and upon tort in reference to the wife's right to bring suit without joining the husband as plaintiff, as the one is as much community property as the other. Cases might, perhaps, arise where the wife could, under their peculiar circum-

stances, sue alone for a trespass to her person, whether she lived with her husband or apart from him. A less aggravated case of abandonment on his part might be sufficient in some instances to give her this right; or if he was the accessory to the outrage, or in other cases which might be mentioned, the wife would doubtless be allowed to maintain the action alone. It will be sufficient to determine the law of such cases when they arise. This is not one of them, and it is only necessary for us, for the purposes of the present suit, to hold that a mere separation of the husband and wife, and his refusal to join her in the action, is not sufficient to authorize the wife to prosecute alone a suit for assault and battery committed upon her during coverture. This court rightly sustained the exception of defendant, and the judgment is affirmed.''

See, also, *Davis v. Seattle,* 37 Wash. 223, 79 Pac. 784; *Schneider v. Biberger,* 76 Wash. 504, 136 Pac. 701.

In *Hammond v. Jackson,* 89 Wash. 510, 154 Pac. 1106, we held that a wife could not enter into a valid contract for the employment of a lawyer to prosecute an action for damage for her personal injury:

''The sole question presented is whether a married woman, living with her husband, may make a valid contract with an attorney to prosecute an action in damages against one by whose negligence she has suffered a personal injury. Rem. & Bal. Code, § 181, provides that, when a married woman is a party, her husband must be joined with her, except (1) when the action concerns her separate property; (2) when the action is between herself and her husband; and (3) when she is living separate and apart from her husband. It further provides that husband and wife may join in all causes arising from injuries to the person or character of either or both of them, or from injuries to the property of either or both of them, or out of any contract in favor of either or both of them. Construing these sections, we have repeatedly held that the husband is a necessary party to all actions arising because of personal injuries to the wife, if the

parties were living together as man and wife at the time the injury was received. *Schneider v. Biberger,* 76 Wash. 504, 136 Pac. 701, and cases there collected. Indeed, our holding has been that the husband was the only necessary party to such an action. This on the principle that the claim of damages for the injury was community personal property of the spouses, and since the statute (Rem. & Bal. Code, § 5917), vests in the husband while living with his wife the management and control of such property, he has power to deal with it as if it were his separate property, which includes the right to maintain actions concerning it, the wife being only a proper party to such actions . . . From the foregoing it follows, we think, that the wife cannot make a valid contract with an attorney to prosecute an action for personal injuries suffered by herself. Since the husband alone can maintain such an action, it must follow that he has the right to have a voice in any contract that affects the condition upon which the action is to be maintained. To hold otherwise is to hold that the husband's management and control of the community personal property is not absolute as the statute presupposes, but is subject to such contracts as the other spouse may choose to make concerning it. This, we think, is not the meaning of the statute.''

The only case that might be construed to hold contrary to the rule that the husband is the necessary party in all actions involving community personal property (except in the three instances provided for in the statute) by reason of the exclusive control thereof vested in him is the case of *Marston v. Rue,* 92 Wash. 129, 159 Pac. 111, where the court decided that the husband's right of management and control and disposal of community property did not allow him the right to a ''wilful, premeditated waste of family personal property,'' and that the wife could maintain an action to recover community personal property abandoned by the husband, who had left the state.

In the instant case, we find no allegation in the com-plaint of a wilful abandonment or dissipation or waste of the community personalty, nor of the husband's failure to exercise his honest judgment in refusing to institute the action. The complaint, having no allega-tion except that the wife has failed to procure her husband's consent to join, does not allow her to make him a party defendant under Rem. Code, § 189. To hold otherwise would be to nullify the rights given by the statutes regarding community personal prop-erty and to overrule a long established line of au-thority.

Judgment affirmed.

HOLCOMB, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.