[No. 17884.    Department Two.    July 10, 1923.]

BERTHA WAMPLER, *Appellant*, v. ARTHUR BEINERT, *Respondent*.[1]

HUSBAND AND WIFE (87)—COMMUNITY PROPERTY—PERSONAL IN-JURIES TO WIFE—ACTIONS—PARTIES. Under Rem. Comp. Stat., §§ 181, 182, relating to the joinder of husband and wife, and authorizing actions by the wife alone if she is living separate and apart, a husband who has deserted his wife and children has no authority to release her claim and dismiss her action for damages for personal injuries; since his authority to control and manage the community property under Id., § 6892, ceased on his repudiating his duties.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered May 11, 1922, in favor of the defendant, dismissing an action for personal injuries sustained by a pedestrian struck by an automobile, tried to the court. Reversed.

*Remann & Gordon*, for appellant.

*Williamson, Freeman & Broenkow*, for respondent.

PEMBERTON, J.—On April 19, 1920, appellant commenced this action to recover damages for personal injuries sustained as the result of being struck by an automobile of respondent. At the time of the injury, appellant was a married woman living with her husband. In her amended complaint, which was served in No-

[1] Reported in 216 Pac. 855.

vember, 1920, she alleges that her husband has abandoned her and their three children, has been charged with the crime of family desertion and is a futigive from justice, and further alleges that the cause of action against the respondent is the only property of value belonging to the community.

. One of the affirmative defenses of respondent is that, on July 13, 1921, respondent paid the husband of appellant the sum of $350 in full settlement of all damages resulting to appellant and the community growing out of said accident, and procured from the husband of appellant a release of the same.    In her reply appellant denies, upon information and belief, the execution of the release, but offers to credit upon her judgment the amount, if any, paid to her husband, and further alleges that, if the husband released the claim, he did so without consulting either her or her attorneys, without knowing the nature and extent of her injuries, without the exercise of judgment and discretion, and that he did not act in the interest of the community, but with spite and malice towards the plaintiff and in fraud of her rights, and further alleges that the consideration so paid was inadequate, all of which was known to the respondent.

At the trial appellant made proof of her injuries and the desertion of the husband.    Over the objection of appellant, the written release of the husband was admitted into evidence.    Upon rebuttal, appellant offered to prove that respondent had read the amended complaint and knew the relationship between appellant and her husband before the alleged settlement was made with the husband.    Appellant.further offered to prove that respondent knew that the husband was under arrest awaiting trial on the charge of family desertion, and knew that an amputation of the foot of

appellant would probably be required, which amputation was actually performed soon thereafter; that of the $350 paid to the husband, $25 was paid into the justice court to secure his liberty under the sentence, $100 paid to his attorney in the criminal case, $100 paid to his attorney to institute divorce proceedings against appellant, after which the husband left the state of Washington and his residence has remained unknown and no money or communication has been received from him since said date.

The trial court refused to admit this testimony and, upon the motion of respondent, entered judgment in favor of respondent, holding that there had been a complete release and settlement of the cause of action.

It is the contention of respondent that any damages by reason of the injury to the wife would be community property, relying upon the following cases: *Schneider v. Biberger,* 76 Wash. 504, 136 Pac. 701, 6 A. L. R. 1056; *Hynes v. Colman Dock Co.,* 108 Wash. 642, 185 Pac. 617; *Ostheller v. Spokane & Inland Empire R. Co.,* 107 Wash. 678, 182 Pac. 630.

In the case of *Schneider v. Biberger, supra,* the wife, while living with the husband, was injured. She thereafter secured a divorce, but did not have the cause of action awarded and set over to her. In an action to recover damages for the injuries sustained, this court sustained a demurrer to the complaint on the theory that the cause of action after the divorce was common property in which the husband and wife retained all their interest vested in them prior to the decree.

In the case of *Hynes v. Colman Dock Co., supra,* the wife alleged that her husband refused to join with her as a party plaintiff. This court held that she could not maintain the action without her husband being joined with her as plaintiff, under § 6892, Rem. Comp.

Stat. [P. C. § 1433], giving the management and control of the community property to the husband.

Section 181, Rem. Comp. Stat. [P. C. § 8257], requires the husband to be joined as a party with the wife except under certain conditions. The third division under this section provides as follows:

"When she is living separate and apart from her husband, she may sue or be sued alone."

Section 182, Rem. Comp. Stat. [P. C. § 8258], provides in part as follows:

"Husband and wife may join in all causes of action arising from injuries to the person or character of either or both of them, or from injuries to the property of either or both of them, or arising out of any contract in favor of either or both of them."

In the case of *Hammond v. Jackson*, 89 Wash. 510, 154 Pac. 1106, this court said:

"Construing these sections [§§ 181 and 182, Rem. Comp. Stat.], we have repeatedly held that the husband is a necessary party to all actions arising because of personal injuries to the wife, if the parties were living together as husband and wife at the time the injury was received. *Schneider v. Biberger,* 76 Wash. 504, 136 Pac. 701, and cases there collected. Indeed, our holding has been that the husband was the only necessary party to such an action."

With reference to the authority of the husband in the management and control of the personal property, we said in the case of *Stewart v. Bank of Endicott,* 82 Wash. 106, 143 Pac. 458, as follows:

"The purpose of § 5917 is to give the management and control of the community personal property to the husband for the purpose of facilitating the business of the community. He can neither beggar his family nor use the community personal property to gratify a caprice to thwart the law, or for his own personal aggrandizement."

We also said in the case of *Olive Co. v. Meek,* 103 Wash. 467, 175 Pac. 33:

"The doctrine of *respondeat superior* cannot be applied to acts of the husband when such acts are without the scope of his authority. *Day v. Henry,* 81 Wash. 61, 142 Pac. 439. To hold otherwise would in effect nullify the community property law. There is no distinction between vested rights in either community real or personal property, except that the husband is made the manager of the community personal property for the community."

In the case of *Marston v. Rue,* 92 Wash. 129, 159 Pac. 111, we said:

"That there is in the wife inherent power under our law to act in a serious absence of the husband is plain."

The injury to the wife is not alone an injury to the community but to the wife personally, and this injury may be endured long after the community is dissolved. While a husband, under § 6892, Rem. Comp. Stat. [P. C. § 1433], has the management and control of the community property and is a necessary party plaintiff in an action to recover damages resulting from injury to the wife, he ceases to be a necessary party and has no authority to release or discharge such claim, if in fact the wife is living separate and apart from her husband, caused by the desertion of the husband. By repudiating his duties the husband releases his authority, and after the husband abandons his wife and they are living separate and apart, his authority over a claim for injuries to the wife is not reestablished by the husband merely returning to the community wherein the wife resides, and his lack of authority will continue until he does in good faith resume the duties and obligations of a husband toward the wife.

". . . his right of management is dependent upon the discharge of the duties which go hand in hand

with that right, . . . if the husband has repudiated
the duties, and is asserting only the rights and powers
of his position for selfish purposes, the wife has rights
of property which she can enforce in the courts, . .
. ." *Dority v. Dority,* 96 Tex. 215, 71 S. W. 950, 60
L. R. A. 941.

". . . the interest of the wife is so vested in her
that the husband cannot deprive her of it by voluntary
alienation for the mere purpose of divesting her of
her claim to it." *Hall v. Johns,* 17 Idaho 224, 105
Pac. 71.

It is claimed that respondent had knowledge of the
fact that appellant and her husband were living sepa-
rate and apart, and therefore knew that the husband
was without authority to make a settlement or give
a release for appellant. If there was any controversy
as to whether or not the husband and wife were living
separate and apart, or whether the husband was acting
in good faith and had authority to settle and release
the claim of the wife, these were facts for the jury to
determine.

The judgment of the trial court is reversed and the
appellant is granted a new trial.

MAIN, C. J., FULLERTON, PARKER, and TOLMAN, JJ.,
concur.