[No. 19555. Department One. March 16, 1926.]

NELLIE P. CLARK *(now Nellie P. Day), et al., Appellants,* v. AGNES C. BEGGS *et al., Respondents.*[1]

[1] HUSBAND AND WIFE (57-1, 86½)—COMMUNITY PROPERTY—DAMAGES FOR PERSONAL INJURIES TO WIFE—NECESSARY PARTIES TO ACTION—EFFECT OF DIVORCE. Plaintiff's former husband, with whom she was living at the time of the injury, is a necessary party plaintiff to an action by her for personal injuries; and the subsequent granting of a divorce to her without disposing of and settling the husband's community interest in the cause of action does not dispense with the necessity of joining him as a party plaintiff.

Appeal from a judgment of the superior court for King county, Hall, J., entered March 14, 1924, in favor of defendants, dismissing an action for personal injuries brought by a married woman. Affirmed.

*Joseph M. Glasgow,* for appellants.
*Roberts & Skeel,* for respondents.

HOLCOMB, J. — Appellant, whose name was then Clark, while a guest at a hotel in Seattle, owned by respondents, received severe personal injuries, alleged to have been the result of reckless and incompetent handling and management of a passenger elevator, on

¹Reported in 244 Pac. 121.

August 30, 1922. On July 27, 1923, she brought action
in the court below for damages for personal injuries,
and recovered a verdict on February 15, 1924, against
respondents in the sum of $1,150. On March 14, 1924,
judgment n. o. v. was entered against her upon the sole
ground that appellant was a married woman at the
time of the injuries complained of, not divorced from
her husband until a few days before the trial of the
action, and that there was an improper joinder of
parties, defective parties plaintiff, and lack of capacity
to sue. The action was thereupon dismissed with costs.

The sole error claimed and argued is in granting the
motion for judgment n. o. v., and entering judgment of
dismissal.

[1] It is alleged in the second amended complaint
of plaintiff "that she is the wife of one Clark from
whom she has procured an interlocutory decree of
divorce, and from whom she is now living separate and
apart, and is prosecuting this action for personal in-
juries for herself alone." It is also alleged "that on
the 30th day of August, 1922, the plaintiff was a guest
in said hotel, and as such she occupied a room with
her said husband on the fourth floor thereof, and that
upon said day . . . she was severely and perma-
nently injured."

The evidence showed that appellant and her then
husband were living together in the hotel when the
injury occurred. They continued to live together as
husband and wife for some time thereafter. It will be
noted that she started no action until about a year after
the accident. In the divorce decree, this cause of ac-
tion was not awarded to her separately. As soon as
the divorce decree became final, she married one Day.
Upon the trial, when the question was raised that the
community was not a party to the action and that the

community interests had not been settled in the divorce action, as was shown by the record, and that the husband had not parted with, nor been divested of, his community interest in the cause of action, appellant asked leave to amend by bringing in a new party. She then brought in, not Clark, her husband at the time of the injury, but Day, the new husband, over the objections of respondents.

Appellant relies upon the statutes, as follows:

Rem. Comp. Stat., § 6901:

"All laws which impose or recognize civil disabilities upon a wife, which are not imposed or recognized as existing as to the husband, are hereby abolished, and for any unjust usurpation of her natural or property rights she shall have the same right to appeal in her own individual name to the courts of law or equity for redress and protection that the husband has: . . ."

Also, § 6895:

"A wife may receive the wages of her personal labor, and maintain an action therefor in her own name, and hold the same in her own right, and she may prosecute and defend all actions at law for the preservation and protection of her rights and property as if unmarried."

Also, § 6900:

"Every married person shall hereafter have the same right and liberty to acquire, hold, enjoy, and dispose of every species of property, and to sue and be sued as if he or she were unmarried."

Also, § 6902:

"Contracts may be made by wife, and liabilities incurred, and the same may be enforced by or against her to the same extent and in the same manner as if she were unmarried."

And lastly, § 6904:

"For all injuries committed by a married woman damages may be recovered from her alone, and her

husband shall not be responsible therefor, except in case where he would be jointly responsible with her if the marriage did not exist."

In addition to reliance upon the foregoing statutory provisions, appellant argues very learnedly upon the principles of the common law that the right of action for the recovery of damages for personal injuries to a wife, inflicted upon her during marriage by a tort-feasor, is not property nor a property right, but is purely a personal right growing out of the violation of her right to personal protection, and that a right of action for personal injuries to a wife through the tort of another is not property within the meaning of our community property statute, but is purely a personal right to the injured wife.

McKay on Community Property (2d ed.), § 378, 379, is cited and quoted to the effect (abridging) that, at common law,

"A cause of action, viewed as a distinct right, takes its character as separate or common from the character of the primary right violated; if separate property be taken away from its owner, be converted, or damaged, the right to recover the property itself, or damages for its conversion or injury is clearly separate. . . . Now, the same as at the common law, she holds as her own the right to her personal security; now, the same as at common law the cause of action for the violation of her right of personal security should be held to be hers. . . . To take from her the cause of action and the compensation impairs her right of personal security, which the law of community was not intended to do."

The arguments and authorities submitted by appellant are very forceful and persuasive, and possibly, if made originally when this question was first raised,

should have persuaded the court. The difficulty is, that this court has uniformly held to the contrary.

In *Keeler v. Parks,* 72 Wash. 255, 130 Pac. 111, which, although an action involving real property rights, existing and not disposed of by a decree of divorce, we said:

"At the time of the commencement of the suit no cause of action existed in the wife's favor."

It was attempted to be set up by reply to the answer of respondent in that case that, at the time of the commencement of her action, the bonds of matrimony had not been dissolved, but that later they had been dissolved, and the cause of action thus ripened in her favor. It was further held that a state of facts that had not ripened into a cause of action, when the suit was commenced, could not be supplemented by a class of facts that came into being later, so as to make a cause of action; that, when the original complaint was filed, it was based upon a state of facts which did not then exist.

In *Schneider v. Biberger,* 76 Wash. 504, 136 Pac. 701, 6 A. L. R. 1056, it was held that, in an action by a married woman for damages for personal injuries, the husband was a necessary party plaintiff. It was attempted to be shown in that case that, at the time the cause of action arose, the wife was living separate and apart from her husband. Upon an examination of the record this court found that the evidence failed to show that she was living separate and apart from her husband at the time of the injury. It was also held that, although the community had been dissolved by the divorce decree prior to the commencement of the action, the divorce had not changed the situation, so far as property rights were concerned; that, the cause of action having arisen during the existence of the com-

munity, the damages would be community property, as the community statutes on property had determined and fixed at the time the property was acquired. The situation here is the same. The divorce did not change the situation so far as property rights were concerned. The cause of action had arisen during the existence of the community.

Again, in *Hammond v. Jackson*, 89 Wash. 510, 154 Pac. 1106, it was stated that the husband is a necessary party to all cases arising because of personal injuries to the wife, when the parties are living together as husband and wife at the time the injury was received; citing *Schneider v. Biberger, supra*, and cases there collected. It was then also stated that our holding has been that the husband was the only necessary party to such an action.

In *Ostheller v. Spokane & Inland Empire R. Co.*, 107 Wash. 678, 182 Pac. 630, the previous holdings of this court upon that question were recited, and we again held that:

"The community of husband and wife is, under our laws, a legal entity in which the individuality of both spouses is merged, in so far as ownership of property acquired by either after marriage is concerned, subject to certain exceptions . . . and the title to property so acquired vests in such legal entity [Citing statutes and cases]. The husband has the management and control of the community personal property, even to the extent of the power of disposition thereof as he has of his separate personal property, . . . Rem. Code, § 5917."

To the same effect is *Hynes v. Colman Dock Co.*, 108 Wash. 642, 185 Pac. 617, and *Wampler v. Beinert*, 125 Wash. 494, 216 Pac. 855.

Appellant argues that the *Wampler* case, *supra*, is inconsistent with the former cases, but we do not so

consider. Nor is there anything inconsistent with the cases above quoted and cited, in the following cases cited and quoted by appellant: *Hawkins v. Front Street Cable R. Co.*, 3 Wash. 592, 28 Pac. 1021, 28 Am. St. 72, 16 L. R. A. 808; *Slauson v. Schwabacher Bros. & Co.*, 4 Wash. 783, 31 Pac. 329, 31 Am. St. 948; *Jones v. Miller*, 35 Wash. 499, 77 Pac. 811; *Conaway v. Co-operative Homebuilders*, 65 Wash. 39, 117 Pac. 716; *Ingersoll v. Gourley*, 72 Wash. 462, 130 Pac. 743; *O'Toole v. Faulkner*, 34 Wash. 371, 75 Pac. 975; *Robertson v. Freebury*, 87 Wash. 558, 152 Pac. 5, L. R. A. 1916B 883.

Positively no distinction is to be found between this case and the case of *Schneider v. Biberger, supra*, and the cases following it.

The judgment is affirmed.

TOLMAN, C. J., FULLERTON, PARKER, and MAIN, JJ., concur.