[No. 27734. Department One. December 23, 1939.]

ANNA OESTREICH, *Respondent*, v. JOSEPH OESTREICH, *Appellant*.[1]

*George H. Freese,* for appellant.

*Ott & Cross,* for respondent.

MAIN, J.—Anna Oestreich brought this action for the purpose of obtaining a divorce from her husband. In her complaint, she also asked for a property settlement, alimony, and the custody of their children. The defendant resisted the action for divorce, and, by cross-complaint, sought a decree of separate maintenance for the benefit of his wife. The trial resulted in findings of fact from which the court concluded that the plaintiff was entitled to a divorce, also the custody of the children, and a property settlement, including alimony.

[1]Reported in 97 P. (2d) 655.

An interlocutory decree was entered in accordance with the conclusions, from which the defendant appealed.

The parties were married July 21, 1915, and there have been born to them nine children, the first of whom died in infancy and eight of whom are now living. The decree did not dispose of the custody of the two oldest of the living children, because one was twenty-two years of age and married, and the other one was approaching twenty-one. The custody of the other six children, as already indicated, was awarded to the respondent.

During their entire married life, the parties were engaged in farming, and, at the time of the trial and for some time prior, the appellant had been operating a twelve hundred acre wheat ranch. He had inherited from his mother, in common with his brother, a one-half interest in a large amount of land in Adams county, together with some personal property. The trial court found that the community property of the appellant and respondent was of the value of ten thousand dollars and consisted of farming equipment, some livestock, and some grain on hand. The court also found that the appellant's one-half interest in the inherited property, which was his separate property, was of the value of forty-three thousand dollars.

Without reviewing the evidence, the charge upon which the complaint for divorce was principally based was cruelty which had existed over a period of years. There is no question but that the evidence overwhelmingly supports the claim that the appellant had treated the respondent in a cruel and abusive manner, and she was unquestionably entitled to an interlocutory decree of divorce.

The principal controversy is over the property adjustment and alimony. The appellant was required to

pay, within thirty days, twenty-five hundred dollars in cash to the respondent and deliver to her a real estate mortgage in the sum of seventy-five hundred dollars, bearing interest at the rate of six per cent per annum, payable two hundred and fifty dollars per year. She was also given a residence property in the town of Ritzville, of the approximate value of three thousand dollars. In this property, the brother of the appellant owned a half interest. There was a provision that, unless the brother would join in the deed, the respondent should have, in lieu thereof, thirty-five hundred dollars in cash. There was a provision for seventy-five dollars per month alimony for the benefit of the respondent, and an equal sum per month for the care, maintenance, and support of the six minor children. There was the further provision that the alimony for the children should be reduced ten dollars per month as each child became of age. All of the community property was given to the appellant.

The objection made to the decree was that there should either be eliminated therefrom the seventy-five dollars per month alimony for the respondent or the provision for the seventy-five hundred dollar mortgage. Out of the separate property, found to be of the value of forty-three thousand dollars, and the ten thousand dollars community property, the respondent gets thirteen thousand dollars, or thirteen thousand five hundred dollars in the event she gets cash instead of the residence property. That would be equivalent to one-half of the community property, and less than one-fifth of the appellant's separate property. The seventy-five dollars a month for the respondent and the seventy-five dollars a month for the benefit of the children, together with whatever income the respond-

ent would have from the property awarded to her, would be a modest sum for the support of the respondent and six minor children.

In determining the value of the separate property of the appellant, the amount fixed by the court was well within the evidence introduced upon the trial. In fact, the evidence would have sustained a value in a substantially larger sum. We see no reason for modifying the decree in either of the respects that the appellant desires. He is left with his farming equipment intact and can pursue his occupation to the same extent that he has before.

It has often been said by this court that, in a divorce action, all the property of the spouses, both community and separate, is brought within the jurisdiction of the court for disposal and may be disposed of in any manner that may be equitable and just, even to the extent of awarding it all to the wife.

The interlocutory decree will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.