[No. 32914.   Department One.   December 3, 1954.]

LEONARD W. SMITH, *Appellant*, v. AGNES D. SMITH, *Respondent*.[1]

*Geo. W. Young*, for appellant.

*Seijas & Carras*, for respondent.

HAMLEY, J.—Leonard W. Smith, plaintiff in this divorce action, appeals from a judgment dismissing his complaint, awarding a divorce to his wife, Agnes D. Smith, on her cross-complaint, granting the wife custody of the only child, and awarding her seven hundred fifty dollars attorney's fees.

Appellant questions the trial court's findings of fact to the effect that appellant treated respondent in a cruel man-

[1]Reported in 277 P. (2d) 339.

ner and heaped upon her personal indignities rendering her life burdensome. In this regard, the findings recite, among other things, that appellant has often struck respondent, has called her abusive names, has treated her in a humiliating and degrading manner, and has lost all love and affection for respondent.

The testimony has been examined, and we are unable to say that it clearly preponderates against these findings.

The findings establish sufficient grounds for divorce. See RCW 26.08.020 (5), Rem. Supp. 1949, § 997-2 (5). The trial court therefore did not err in granting respondent a divorce on her cross-complaint.

Appellant urges that the court erred in dismissing his complaint for a divorce. If this was error, it was not prejudicial, since the decree which was entered gives appellant the result he sought—a divorce of the parties. The principle here applied is similar to that which governs where both parties seek and obtain a divorce, but one party assigns as error the granting of a divorce to the opposite party. See *Merkel v. Merkel*, 39 Wn. (2d) 102, 234 P. (2d) 857, and cases there cited.

It is next argued that the court erred in finding that respondent is a fit person to be awarded the care, custody, and control of the minor child, and that appellant is not a fit and proper person to be awarded such custody. The child in question was six and a half years old at the time of the trial.

The parties gave conflicting testimony on most of the matters having to do with their respective fitness to have the custody of the boy. In some cases, their testimony was corroborated, and in others, disputed by that of other witnesses. No useful purpose is to be served by discussing the specific charges brought by each against the other.

The trial court found parts of appellant's testimony unbelievable, and expressed serious doubts as to his credibility. The court therefore accepted respondent's version of the facts, and rejected appellant's version.

Neighbors testified that respondent kept a neat and clean house, showed affection for the boy, took good care of him, and was a good mother. The boy was apparently well-behaved and precocious. After only two weeks in the first grade, he was promoted to the second grade. The trial judge visited privately with the boy in chambers, and commented that he was a most unusual child. There was nothing to indicate that any conduct of respondent had harmed the boy. On the other hand, there was testimony that the boy picked up some bad habits of speech while under the exclusive custody of appellant.

We cannot say that the evidence clearly preponderates against the findings as to respondent's fitness and appellant's unfitness. We therefore conclude that the trial court did not err in awarding custody of the boy to respondent. The court, of course, maintains continuing jurisdiction to make future changes in custody arrangements if the occasion requires.

Finally, appellant contends that the court erred in granting respondent judgment in the sum of seven hundred fifty dollars for attorney's fees. It is not argued that the amount of the allowance is unreasonable, considering the services performed. It is appellant's position, however, that respondent is better able to pay the fee than is appellant.

The trial court apparently disbelieved appellant's testimony that he had no substantial property. A reading of the record tends to substantiate rather than undermine this evaluation. We are therefore unable to say that the trial court has abused its discretion in requiring appellant to pay respondent's attorney's fees.

The judgment is affirmed.

GRADY, C. J., MALLERY, FINLEY, and OLSON, JJ., concur.