[No. 39077. Department One. December 7, 1967.]

HELEN B. OLIPHANT, *Respondent*, v. EDWIN GRANT OLIPHANT, *Appellant*.*

*Stanley R. Byrd*, and *John F. Raymond*, for appellant.

*Norman B. Ackley*, for respondent.

FINLEY, C. J.—The question in this case is whether a divorce decree was properly granted. Error is assigned to certain findings of fact made by the trial court and to its conclusions of law and judgment.

*Reported in 435 P.2d 29.

The parties to this action were married in 1949. Their marriage resulted in the birth of three children: Linda, age 15 at the time of trial; David, age 13 at the time of trial; and Robin, age 7 at the time of trial. From its inception the marriage was a difficult one. Respondent-wife testified to numerous arguments between the parties during their marriage, a few of which involved some physical mistreatment of her. In 1960 respondent commenced a divorce action against appellant-husband which she dropped a few days prior to trial. The parties participated in a special Mormon marriage ceremony in 1963, perhaps in hope of saving their marriage. In 1965 appellant was committed to Northern State Hospital. Respondent subsequently commenced this action for a divorce, which was granted by the trial court. Appellant-husband's appeal followed.

Three issues are raised on appeal: (1) Was there evidence to support finding of fact 7, (2) was there evidence to support the portion of finding of fact 3 relating to appellant's mistreatment of his children, and (3) do the findings of fact support the conclusions of law and judgment?

Finding of fact 7 states:

Defendant [appellant] has treated plaintiff [respondent] cruelly and subjected her to personal indignities making her life burdensome, in that he has been extremely argumentative with plaintiff and extremely authoritarian to her and to the children, all of which caused plaintiff to become nervous and ill.

This finding of fact cannot be upset unless there is no substantial evidence to support it. *Lumber Mart Co. v. Buchanan*, 69 Wn.2d 658, 419 P.2d 1002 (1966); *Heasley v. Riblet Tramway Co.*, 68 Wn.2d 927, 416 P.2d 331 (1966). Evidence was presented that appellant's attachment to the Mormon Church became that of a religious zealot, that appellant frequently accused respondent of lying and being deceitful, that appellant physically abused respondent while enraged, that on one occasion appellant made respondent sit on a stool all night so that she would learn to understand him, and that respondent felt she and the chil-

dren were in danger because of appellant's behavior. Under the circumstances it cannot be said there was no substantial evidence to support finding of fact 7.

■ In his reply brief appellant urges that the marriage ceremony in 1963 constituted condonation by respondent of appellant's prior abuses. The term "condonation" implies forgiveness for past wrongs which is fully, freely, and wholeheartedly given. *Stringfellow v. Stringfellow*, 56 Wn.2d 957, 353 P.2d 671 (1960). Our prior decisions suggest that evidence of forgiveness must be stronger in cases such as the one before us, in which past wrongs have occurred over an extended period of time, than in cases in which past wrongs have occurred only once or twice. *E.g., Moore v. Moore*, 61 Wn.2d 611, 379 P.2d 719 (1963); *Murray v. Murray*, 38 Wn.2d 269, 229 P.2d 309 (1951).

■ In the instant case we are unable to conclude that the religious marriage ceremony constituted condonation by respondent. The ceremony was entered into at appellant's insistence. Respondent testified that she was "very hesitant for quite some time" about the ceremony. She finally decided to go through with it because she thought "that maybe it would help our situation." However, she testified that she now doubts the wisdom of proceeding with the ceremony "because it is very sacred a thing in our church and I shouldn't have done it with the reservations I had in knowing that everything was not as it should be." Under the circumstances there was no condonation.

The second issue on appeal relates to finding of fact 3. The pertinent portion of this finding states:

> Defendant's [appellant's] conduct to the oldest girl, Linda, has been harmful to her and has caused her emotional disturbances so that defendant should be deprived of all visitation rights to Linda. The Court is in doubt whether further visitations by the defendant with David and Robin may prove harmful to them, and therefore, imposes the following limitations and conditions on his visits with them: . . . .

Appellant contends the evidence presented at trial was insufficient to support this finding. We disagree. Evidence

was adduced concerning instruction about sex given to Linda by appellant for the purpose of "educating" her which indicated that because of these instructions Linda was admitted to the Ryther Child Center for professional guidance. Furthermore, evidence was presented concerning appellant's oppressive influence on the two other children which indicated that this influence has caused the children considerable disturbance and somewhat retarded their development. Thus, it is clear that finding of fact 3 should not be disturbed. As stated before, this court will not disturb a finding of fact unless there is no substantial evidence to support it. *Ladum v. Utility Cartage, Inc.,* 68 Wn.2d 109, 411 P.2d 868 (1966).

The final issue is whether the findings of fact support the trial court's conclusions of law and judgment. It seems quite obvious to us that the findings of fact of the trial court show grounds for divorce under RCW 26.08.020 (5), thereby supporting the conclusions of law and judgment. The judgment of the trial court should be affirmed.

It is so ordered.

HILL, WEAVER, and ROSELLINI, JJ., and WARD, J. Pro Tem., concur.

---

February 13, 1968. Petition for rehearing denied.