[No. 163-41099-1.   Division One—Panel 1.   December 28, 1970.]

MARIE S. BELMONDO, *Respondent,* v. JOHN L. BELMONDO, *Appellant.*

*Patrick H. Shea,* for appellant.

*Lundin, Estep, Sindell & Haley* and *George S. Lundin,* for respondent.

SWANSON, J.—John Belmondo, defendant in this divorce action, appeals from a judgment dismissing his cross com-

plaint for divorce, awarding a divorce and most of the property to his wife Marie, and requiring him to pay child support and community debts totaling about $4,000.

Mr. Belmondo first challenges the award of a divorce to his wife. He asserts she does not have sufficient grounds, whereas he does. His past misconduct with her sons,[1] which precipitated a previous divorce action, is the primary basis for her claim of cruelty, he says, but this conduct was forgiven by her when they reconciled. He argues that the doctrine of condonation applies to preclude the use of those previous acts as grounds for this divorce; thus, it was error to grant a divorce to her. This contention is without merit.

Condonation requires forgiveness. *Oliphant v. Oliphant*, 72 Wn.2d 666, 668, 435 P.2d 29 (1967). The trial court incorporated its oral opinion into its findings which stated:

the Court is convinced that as a matter of fact there was no forgiveness. It was a matter which, in her own words, she could never forget, and she could not live with it.

In addition, Mr. Belmondo is not prejudiced by the trial court's failure to award him a decree of divorce, because he received the relief he sought—a divorce. *Smith v. Smith*, 45 Wn.2d 672, 277 P.2d 339 (1954).

The defendant next contests the trial court's division of the community property. He asserts that a net award of property worth at least $140,000 to his wife, and property worth no more than $20,000 to him, is grossly disproportionate and constitutes an abuse of judicial discretion. The trial court has wide latitude and discretion in the disposition of the property of the parties, whether community or separate. In making a disposition, the court may give regard to the

respective merits of the parties, to the condition in which they will be left by such divorce or annulment, to the

---

[1] Mrs. Belmondo had four sons by a previous marriage. Their ages at the time of her marriage to Mr. Belmondo were 13, 10, 9, and 3½. Mr. and Mrs. Belmondo had two children who were 17 and 15 years old at the time of the trial.

party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, . . .

RCW 26.08.110.

In this case, the cause of the marital breakup was Mr. Belmondo's misconduct with plaintiff's sons, and while fault does not justify an excessive award, it may be considered by the trial court when dividing the property. *Bryant v. Bryant,* 68 Wn.2d 97, 411 P.2d 428 (1966). When neither party is at fault, community property should be divided more equally than two-thirds to one, and one-third to the other. *Wills v. Wills,* 50 Wn.2d 439, 312 P.2d 661 (1957).

But even more important here, the trial court may consider the source of the property. See *Kolbe v. Kolbe,* 50 Wash. 298, 97 P. 236 (1908), which construes Bal. Code, § 5723 (P.C. § 4637), the forerunner of RCW 26.08.110. The only asset of considerable worth to divide is the 58-acre farm. Mrs. Belmondo, at the time of her marriage to Mr. Belmondo, owned 72 acres of farmland worth about $28,000 which she had inherited from her late husband, along with $9,000 in cash and some farm equipment. On the other hand, Mr. Belmondo's separate property was worth only slightly more than his accumulated debts. The farmland, now consisting of 58 acres, has appreciated in value to $175,000. The court said:

under the evidence, the increase in value of the land and the present value of the land is not attributable to the efforts of the defendant.

Most of the money used to make improvements on the farm came from Mrs. Belmondo's separate estate. Mr. Belmondo, however, argues that the trial court found the farm to be community property because his wife signed a community property agreement in December, 1963, and thus the property should be divided more equally. However, the trial court may consider the origin of the real property. It had been the separate property of her late husband, the father of her four boys. It had also been her separate property for 14 out of 18 years of her marriage to Mr. Belmondo

and always had been thought of as her property. As our Supreme Court has often said:

in a divorce action, all the property of the spouses, both community and separate, is brought within the jurisdiction of the court for disposal and may be disposed of in any manner that may be equitable and just, even to the extent of awarding it all to the wife.

*Oestreich v. Oestreich,* 2 Wn.2d 72, 75, 97 P.2d 655 (1939). Here, the trial court awarded the farm worth $175,000, subject to a $15,000 mortgage, to the wife and awarded an $18,000 lien on that farm to the husband.

Related to the issue of the division of real estate is the order requiring Mr. Belmondo to pay the community debts and child support. Mrs. Belmondo, at the time of trial, was earning $250 per month net, plus an undetermined amount of rental from the farm.[2] Thus, it was not inequitable to require Mr. Belmondo, who was earning $387 per month, to contribute $120 per month for the support of his two children[3] now living with their mother.

Requiring Mr. Belmondo to pay the community debts totaling between $3,000 and $4,000 is offset by the court's award to him of the damage claim which the trial court in its findings "valued at not less than $5,000." Furthermore, the defendant did not contribute substantially more to the community estate than did the wife. The court found that, "They both worked. They both brought in income."

When considering as a whole all factors bearing on the issue, we cannot say that the trial court manifestly abused its discretion.

Judgment affirmed.

JAMES, C. J., and FARRIS, J., concur.

---

[2]The trial court made no finding either as to the amount of income earned per month by the parties or as to farm rental income. At the trial Mrs. Belmondo said her net income was $250 per month. Mr. Belmondo testified he had a net income of $387 per month.

[3]Mr. Belmondo was ordered to pay support "until each child reaches his/her majority, marries or becomes emancipated . . . ." Since the children were 17 and 15 years of age at the time of the trial, the defendant was not burdened with a long support commitment.