[No. 3410–1–III. Division Three. October 2, 1980.]

*In the Matter of the Marriage of* BEN J. GLORFIELD,
*Respondent, and* GLORIA G. GLORFIELD,
*Appellant.*

*Carl Maxey* and *Fredrickson, Maxey, Bell & Stiley,* for
appellant.

*Wallis W. Friel* and *Irwin, Friel & Myklebust,* for respondent.

GREEN, C.J.—This is an appeal from a property distribution in a dissolution decree. Gloria Glorfield assigns error to the trial court's (1) division of the parties' property, and (2) deducting from the property distributed to her the sum of $13,000 received during the parties' separation. We affirm.

Ben and Gloria Glorfield were married in 1948, at the ages of 20 and 16, respectively. They separated in October 1977, and this action to dissolve the marriage was commenced February 7, 1978.

During the marriage the parties acquired substantial interests in farmland. Most of the land was owned and farmed jointly with Mr. Glorfield's brother and sisters. An undivided one–half interest in some of the property was owned by Gale Farms, Inc., which was wholly owned by the Glorfields. Mr. and Mrs. Glorfield own a one–fifth interest in Glorfield farms, a limited partnership. This partnership was formed by Mr. Glorfield, his brother and sisters and their respective spouses for the purpose of purchasing land from Mr. Glorfield's father.[1] The court determined that all of this property was owned by the community.

The court found that the property owned by Gale Farms, Inc., and Glorfield Farms was acquired partly by purchase, partly through Mr. Glorfield's inheritance prior to marriage, and partly by gift from Mr. Glorfield's father through sales which were substantially below fair market value. The inherited and gifted interests in the farmland, valued at $155,260, was set aside to Mr. Glorfield. The remaining properly was divided substantially in half: $373,729 to Mr. Glorfield and $403,729 to Mrs. Glorfield. As a result of the court's division, Mr. Glorfield received all of the interest in the farmland, including the family home.

Mrs. Glorfield contends the court abused its discretion by distributing all of the farmland interests to Mr. Glorfield.

---

[1] The Glorfields owned other property not in issue on appeal.

She argues that since all the interests in the land were determined to belong to the community, the court erred in not awarding her a portion of the land determined to be a gift valued at $155,260, which was set aside to Mr. Glorfield. We find no abuse.

 It is well settled that a court has wide discretion when distributing property in a dissolution proceeding, and the disposition will not be disturbed on appeal absent a showing of manifest abuse of discretion. *Wilder v. Wilder,* 85 Wn.2d 364, 366, 534 P.2d 1355 (1975); *In re Marriage of Campbell,* 22 Wn. App. 560, 562, 589 P.2d 1244 (1978). RCW 26.09.080 requires the court to consider the nature and extent of community and separate property, and the economic circumstances of each spouse at the time of distribution. This statute has been consistently interpreted not to establish inflexible rules, but to

> provide flexible guidelines within which the courts could adjust and reconcile such considerations, *inter alia,* as the health and age of the parties, their prospects for future earnings, their foreseeable future acquisitions and obligations, and whether the property to be divided should be attributed to the inheritance or efforts of one or the other, or both.

*In re Marriage of Kittleson,* 21 Wn. App. 344, 351–52, 585 P.2d 167 (1978). The community or separate status of property is not controlling and the essential consideration is not whether a property distribution is equal, but whether it is just and equitable. *Friedlander v. Friedlander,* 80 Wn.2d 293, 305, 494 P.2d 208 (1972); *In re Marriage of Kittleson, supra* at 346; *In re Marriage of Dalthorp,* 23 Wn. App. 904, 911, 598 P.2d 788 (1979). In dividing property, the court may consider its source and date of acquisition. *DeRuwe v. DeRuwe,* 72 Wn.2d 404, 408, 433 P.2d 209 (1967).

Here, the evidence shows that Mr. Glorfield and his brother and sisters participated in acquiring and maintaining the farming operation. Mr. Glorfield began farming in 1946 with his brother by leasing equipment and farmland

from his father. Later, these two brothers and their three sisters purchased land from their father at substantially below fair market value. The court found the net worth of the parties was due primarily to acquisitions from Mr. Glorfield's father. Much of the land was found to be a gift to Mr. Glorfield by his father and Mrs. Glorfield's name was included on the deeds as a courtesy and for gift tax reasons. In dividing the property, the court properly considered the source and surrounding circumstances even though it determined the property belonged to the community. As the court held in *Belmondo v. Belmondo,* 3 Wn. App. 958, 961, 480 P.2d 786 (1970), although property subsequently changes its status, it may be awarded on the basis of its origin even to the extent of awarding all of it to one spouse.

The condition in which the parties would be left at the time of the distribution was also considered. The court determined that to award an interest in Glorfield and Gale Farms, Inc., to Mrs. Glorfield would be impractical because friction would probably result with the Glorfield family and disrupt the farm operation. The court also found that to sell or divide the land would be impractical because of income tax consequences and all the land was needed for the farm operation. Further, although Mrs. Glorfield had no special skills or job training, she had obtained employment during the parties' separation, she was intelligent, in good health, and fully capable of obtaining many types of employment. Mr. Glorfield, on the other hand, assumed the parties' liabilities. It is evident that Mrs. Glorfield can invest the property awarded to her and obtain substantial income in light of current interest rates. However, the return on the market value of the land awarded to Mr. Glorfield would only average 3.735 percent per year—substantially less than the prevailing rate. We do not find the court erred in its division of the property.

Next, Mrs. Glorfield argues the trial court failed to take into account the value of sod and scab rock land. An agreed upon appraisal fixed the value of the land according to its

potential productivity.[2] Mr. Glorfield testified that some of the land was required to be put into sod as part of a conservation program and the scab rock areas were unusable. Since these lands were not expected to be productive, we find no error.

Finally, Mrs. Glorfield assigns error to the court's deduction of $13,000 from the property awarded her. Mr. Glorfield paid $8,000 to Mrs. Glorfield to purchase a car. The remaining amount was paid as maintenance until the final decree was entered.

■ The court found Mrs. Glorfield acquired but voluntarily quit a job during the parties' separation. Mr. Glorfield paid these sums to Mrs. Glorfield from his separate salary when she was capable of working but chose not to do so. The court may consider the maintenance granted when determining a property division, *In re Marriage of Rink*, 18 Wn. App. 549, 553, 571 P.2d 210 (1977), and the label attached to the payment does not invalidate an equitable division. *In re Marriage of Hadley*, 88 Wn.2d 649, 658, 565 P.2d 790 (1977). The court adequately considered the relevant factors, including the economic circumstances of each spouse at the time of the property division. We do not find it was manifestly unreasonable for the court to deem these sums an advance by Mr. Glorfield and deduct them from the property distributed to her.

Affirmed.

McINTURFF and ROE, JJ., concur.

Reconsideration denied October 20, 1980.

Review denied by Supreme Court December 19, 1980.

---

[2]The land was valued by the appraiser at $500 per acre for tillable land and $100 per acre for pasture land.