[No. 822-3. Division Three. June 13, 1974.]

ERNESTINE PEREZ, *Respondent,* v. YLIARIO PEREZ, *Appellant.*

*John A. Wilkins* (of *Horton, Wilkins & Faurholt*), for appellant.

*Eugene G. Schuster* (of *Critchlow, Williams, Ryals & Schuster*), for respondent.

MUNSON, J.—Plaintiff instituted a declaratory judgment action seeking a share of a lump-sum payment defendant received as a settlement under the Federal Employers Liability Act. The injury, for which the settlement was accorded, took place during the marriage of the parties and while he was an employee of the railroad. The settlement, received after the parties were divorced, was not before the court in the divorce action. The trial court found the settlement to have been community property, and after deducting expenses, awarded one-half of the net figure to the plaintiff. Defendant appeals.

Defendant was injured in June 1968. He and the plaintiff had been married in 1952 and have eight children. Several actions for divorce were commenced, but a final decree was not entered until September 1970. Plaintiff was aware of the claim during the pendency of the divorce action.

The defendant urges that the Federal Employers Liability Act allows only one person, *i.e.*, the injured employee, to bring a claim against the railroad for its negligent conduct toward that employee. 45 U.S.C. § 51. Since the act so provides, the entire cause of action is the separate property of the injured spouse and is not community property. We disagree.

■ There are certain instances where the federal law grants benefits as separate property to specific people. *See James v. James*, 51 Wash. 60, 97 P. 1113, 98 P. 1115 (1908); *Phoenix Mining & Milling Co. v. Scott*, 20 Wash. 48, 54 P. 777 (1898); *Gardner v. Port Blakely Mill Co.*, 8 Wash. 1, 35 P. 402 (1894). In 45 U.S.C. § 51, however, there is no such specification; the statute merely sets forth who may bring the action. 45 U.S.C. § 51 creates two causes of action. In *St.*

*Louis, I.M. & S. Ry. v. Craft,* 237 U.S. 648, 658, 59 L. Ed. 1160, 35 S. Ct. 704 (1915), the court clarified these two causes of action as follows:

> One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong, but a single recovery for a double wrong.

*Cf. Gray v. Goodson,* 61 Wn.2d 319, 325, 378 P.2d 413 (1963); *Michigan Cent. R.R. v. Vreeland,* 227 U.S. 59, 57 L. Ed. 417, 33 S. Ct. 192 (1913). The mere fact that an action for injuries must be brought by the injured employee does not dictate that the award be separate as contrasted to community property.

 It has long been the rule in this state that recovery for injuries occasioned by a third party tort-feasor to a married person is community property. *Freehe v. Freehe,* 81 Wn.2d 183, 500 P.2d 771 (1972); *Foster v. Williams,* 4 Wn. App. 659, 484 P.2d 438 (1971); *see also Chase v. Beard,* 55 Wn.2d 58, 346 P.2d 315 (1959); *Erhardt v. Havens, Inc.,* 53 Wn.2d 103, 330 P.2d 1010 (1958); *Hawkins v. Front St. Cable Ry.,* 3 Wash. 592, 28 P. 1021, 16 L.R.A. 808 (1892). The injured person is entitled to all his damages, which include physical and mental pain and suffering, loss of wages or income, damages which will necessarily endure and incur in the future, loss of full enjoyment of life, permanent injuries or disability, loss of earnings or impairment of earning capacity, to mention a few. *Rodriguez v. Denver & R.G.W. R.R.,* ———— Colo. App. ————, 512 P.2d 652, 654 (1973). In this state, community property, which has not been before the court during a divorce action, becomes common property of the parties which they hold as tenants in common. *Pittman v. Pittman,* 64 Wn.2d 735, 393 P.2d 957 (1964).

In sum, we deem the settlement received by defendant husband to be community property. Since it was not di-

vided during the divorce action, it becomes property held by the parties as tenants in common. The court therefore correctly divided the net value between the parties.

Defendant next relates that the fact the wife, knowing of the claim, did nothing to bring it before the court in the divorce action, is now estopped from claiming part of the settlement. In the alternative, defendant alleges she has waived any right to it by reason of her delay. There is testimony to the effect that all the wife wanted was a divorce, the house and the children, and nothing further. There was also testimony that she did not believe in the validity of the plaintiff's claim and, in fact, would do whatever she could to frustrate his obtaining anything as a result of the claim. The court gave no significance to this latter testimony, as it has a right to do.

Estoppel and waiver are affirmative defenses upon which defendant had the burden of proof. *See* CR 8(c). Since the trial court made no finding as to these defenses, it, in effect, found the evidence did not support them. *LaHue v. Keystone Inv. Co.*, 6 Wn. App. 765, 496 P.2d 343 (1972). We find no error.

Lastly, it is alleged the court should not have held the settlement to be community property because of the stormy marriage and separation of the parties soon after defendant was injured; by failure to assist in any way, plaintiff had waived any claim to the proceeds. *See In re Estate of Armstrong*, 33 Wn.2d 118, 204 P.2d 500 (1949); *cf. In re Estate of Osicka*, 1 Wn. App. 277, 461 P.2d 585 (1969). It is undisputed that defendant was injured and was entitled to recover under the federal act while the parties still formed a marital community. The matter was before the trial court; it exercised discretion in weighing this evidence, but did not adopt defendant's position. There was no abuse of discretion.

Judgment is affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Petition for rehearing denied July 17, 1974.

Review denied by Supreme Court October 11, 1974.