[No. 7248-0-I.  Division One.  January 26, 1981.]

*In the Matter of the Marriage of* ROBERT D. PARSONS, *Appellant, and* JEAN R. PARSONS, *Respondent.*

*K. R. St. Clair* and *Richard A. Weyrich,* for appellant.

*Schacht & Hicks* and *John W. Hicks,* for respondent.

RINGOLD, J.—Robert D. Parsons appeals from a portion of a decree dissolving his marriage to Jean R. Parsons. He contends that the trial court erred when it characterized his personal injury claim as community property and divided

the proceeds equally. He concedes that prior case law sustains the trial court's decision, but he argues that recent developments point to a change in the law. Under the facts of this case, the doctrine of stare decisis compels us to affirm the trial court.

During the parties' marriage, Robert was seriously injured while fishing in Alaska. As a result of this injury, an insurance company paid all medical expenses and eventually settled the claim for $77,500. In addition, Robert received $650 per month from social security for 24 months after the injury. His salary prior to the injury was about $600 per month.

Robert subsequently filed a petition for dissolution of his marriage. The parties divided all their property except the proceeds of the personal injury claim. They were unable to agree as to its characterization and disposition. This was the issue submitted to the trial court. The court awarded each party one–half of the personal injury settlement after concluding that it was community property.

The disposition of the property of the parties in a dissolution proceeding must be just and equitable based upon a consideration of all relevant factors including the character of the property as community or separate. RCW 26.09.080; *In re Marriage of Hadley,* 88 Wn.2d 649, 565 P.2d 790 (1977). The parties in this case, however, do not seek a ruling on what disposition would be just and equitable. They have agreed to their own disposition subject to the trial and appellate court's characterization of the insurance settlement as community or separate. The sole issue before us, therefore, is the character of that property.

Robert contends that the entire settlement is his separate property because community medical expenses and lost income were fully reimbursed by other payments and the settlement compensated him for damages to his personal security, an asset brought into the marriage as his separate property. *See Jurek v. Jurek,* 124 Ariz. 596, 606 P.2d 812 (1980); *Soto v. Vandeventer,* 56 N.M. 483, 245

P.2d 826 (1952). He argues that the Supreme Court's reasoning in *Freehe v. Freehe,* 81 Wn.2d 183, 500 P.2d 771 (1972) reveals a step toward the recognition of the separate character of damages for pain and suffering.

Jean responds that an unbroken line of cases in this jurisdiction holds that a cause of action for personal injury accruing during marriage is community property. *Freehe v. Freehe, supra; Clark v. Beggs,* 138 Wash. 62, 244 P. 121 (1926); *Hawkins v. Front St. Cable Ry.,* 3 Wash. 592, 28 P. 1021 (1892); *In re Marriage of Kittleson,* 21 Wn. App. 344, 585 P.2d 167 (1978). She argues that this conclusion follows directly from our statutory definitions of separate and community property, RCW 26.16.010–.030, and that the result in other jurisdictions is simply irrelevant to the rule under our statute.

■ Separate property is defined as property and pecuniary rights acquired before marriage or acquired after marriage by gift, bequest, devise or descent. It also includes the rents, issues and profits from separate property. RCW 26.16.010, .020. Community property is all other property acquired by either spouse after marriage that is not acquired or owned as separate property. RCW 26.16.030. This "waste basket" definition of community property results in property being characterized as community unless it meets the definition of separate property. The Washington rule is that fortuitous acquisition of damages for personal injury by a third party tort–feasor is community property because it does not fit within the definition of separate property. *Clark v. Beggs, supra. Perez v. Perez,* 11 Wn. App. 429, 523 P.2d 455 (1974).

This rule has been criticized by Professor Harry M. Cross in his comprehensive survey of Washington community property law. Cross, *The Community Property Law in Washington,* 49 Wash. L. Rev. 729, 773–75 (1974):

> Although damages for lost wages (harm to earning capacity, a community asset) and medical expenses incurred (probably paid with community funds) are readily classified as community property, damages for a

spouse's pain and suffering would more appropriately be classified as separate property because the noninjured spouse could hardly be said to have a property interest in the injured spouse which necessitates sharing in the recovery. Whether this discrete characterization of the damages will displace the Washington court's blanket community property classification is a question raised by the holding of a recent case.

In *Freehe v. Freehe* the court concluded that interspousal immunity is not the law in Washington, inherently assuming the wife to be separately liable in an action by the husband for injury suffered from operation of her separate property farm tractor, and stated that damages should be awarded to the husband in three parts: (1) *Special damages to reimburse for out–of–pocket community expenses from the injury; (2) general damages for loss of future earnings, which would have been community property, in the amount of one–half, as his separate property; and (3) general damages in full for pain and suffering, etc., as his separate property.* The court reasoned that this result, *i.e.,* classifying the recovery for pain and suffering as separate property, precluded an indirect benefit to the tortfeasor spouse through sharing in a community property recovery. As the court specifically noted in *Freehe,* however, that case dealt with an interspousal tort suit and not with the community property nature of a recovery from a third party tortfeasor. Nevertheless, that the wife was separately liable in *Freehe* is not necessary to the conclusion that a recovery for pain and suffering is separate property; thus, the same rule may be extended to third party tortfeasor suits.

The court could have applied the traditional rule in *Freehe* that recovery for pain and suffering is community, although such a recovery perhaps would have benefited the wrongdoer wife. Nonetheless, basic community property rules dictate that the character of an asset (here the recovery) depends upon how it is acquired, rather than from whom it is acquired. This basic principal would indicate that the fortuitous circumstance of the wife being separately *liable* in *Freehe* should not dictate the character of the *recovery.*

(Footnotes omitted. Some italics ours).

Regardless of how persuasive Professor Cross may be, he acknowledges that the decided cases support the character of the property here involved as community. The *Freehe* opinion contains specific language upholding the continued vitality of the traditional rule that personal injury damages are community property if the cause of action accrued during the marriage.

Generally, we cannot abrogate a consistently followed rule of law adopted by the Supreme Court. There has been no amendment of the relevant statutes to cast doubt on prior decisions. Nor can we say that the rule is incompatible with contemporary conditions and thinking. *Cf. In re Marriage of Hermsen,* 27 Wn. App. 318, 617 P.2d 462 (1980) (change in statute); *Wyman v. Wallace,* 15 Wn. App. 395, 549 P.2d 71 (1976) (abolishing action for alienation of affections), *rev'd,* 91 Wn.2d 317, 588 P.2d 1133 (1979), *aff'd on rehearing,* 94 Wn.2d 99, 615 P.2d 452 (1980). *Freehe* recognized a narrow exception to the rule because of a policy of denying any undue benefit to a tort–feasor spouse. That factor is not present here. Any inequities which may result from characterizing the personal injury award as community property can readily be remedied by the court under RCW 26.09.080.

Affirmed.

JAMES, C.J., and DURHAM, J., concur.

Reconsideration denied March 3, 1981.

Review denied by Supreme Court May 8, 1981.