**In the Matter of the Complaint of Scott BOWLDEN, Theodore Hvatum, Bruce Healy, Arthur Hvatum, as owners of the fishing vessel Valiant, for Exoneration from or Limitation of Liability.**

No. C80–67.

United States District Court,
W. D. Washington.

July 30, 1981.

James H. Bauer of Bergman, Bauer & Freise, Seattle, Wash., for plaintiffs/complainants.

Daniel Sullivan of Sullivan & Owen, Seattle, Wash., for claimants Charles and Wanda Bowlin.

David D. Webber, and Laurence R. Weatherly, Seattle, Wash., for claimant Jarvie Paint Co.

John P. Cook of Lee, Smart, Cook & Martin, Seattle, Wash., for claimants Tom F. Kelly Co. and Kel-Kote Marine, Ltd.

## ORDER ON CLAIMANTS' MOTION TO LIFT THE INJUNCTION

BEEKS, District Judge.

On August 18, 1977, an explosion and fire occurred on board the fishing vessel VALIANT while it was in Seattle undergoing annual repairs and maintenance. Charles Bowlin, an employee of Tom F. Kelly Company [1] which had been hired to chemically resurface crab tanks on the vessel, was working in one of the tanks and was severely injured by the explosion. Bowlin and his wife, Wanda Bowlin, commenced an action for damages arising from his injury in the Superior Court of the State of Washington for King County (Cause # 864919) against 1) Jarvie Paint Manufacturing Company, the manufacturer of the chemical being used in the resurfacing; 2) Tom F. Kelly Company; and 3) Scott Bowlden, individually, as owner of the VALIANT. Thereafter, Bowlden and the other owners of the vessel petitioned this court for relief under the Limitation of Liability Act, 46 U.S.C. § 183, and obtained an injunction against further proceedings in the state court action. Claims have since been filed in this limitation action by Bowlin, his wife, Jarvie Paint, and Tom F. Kelly Co. Claimants Bowlin now seek an order lifting the injunction imposed and allowing the state court action to proceed.

■■ The applicability of the Limitation Act, as well as its purpose and the procedure required to invoke it, are set out in *Universal Towing Co. v. Barrale*, 595 F.2d 414 (8th Cir. 1979). *See also Anderson v. Nadon*, 360 F.2d 53 (9th Cir. 1966). In short, the Act allows a vessel owner to limit his liability for damage claims to his interest in the vessel. The action is within the admiralty jurisdiction of this Court and, because it thereby denies claimants the right to a jury trial, it is in conflict with the "saving to suitors" clause of 28 U.S.C.

§ 1333. To reduce the conflict between the two statutes and to promote an equitable resolution as far as practicable, the federal courts have fashioned a procedure which, in limited circumstances, allows an action to be litigated in the forum of the claimant's choice.[2]

Where, as here, claimants seek damages in excess of the limitation fund, that procedure may only be invoked if there can be said to be a "single claim." For the limited purposes of the procedure, I find this to be a single claim case. Claimants Bowlin are correct in both their contention that the claims of Jarvie Paint and of Tom F. Kelly Co. are for indemnity and thus derivative of the Bowlins' claim and not separate claims, *Universal Towing Co. v. Barrale, supra.*, and their argument that the damages they seek arise from a single claim.

■ In this limitation proceeding, and in the state court action, Claimants Bowlin seek damages arising out of the injury to Bowlin for 1) pain and suffering of Charles Bowlin, and 2) loss of consortium of Wanda Bowlin. In Washington, damage for pain and suffering is recognized as community property recoverable by the marital community. *Clark v. Beggs*, 138 Wash. 62, 244 P. 121 (1926); *In re Marriage of Parsons*, 28 Wash.App. 276, 622 P.2d 415, *pet. rev. denied*, 95 Wash.2d 1019 (1981). No state authority has been found which indicates that damages for loss of consortium should be treated differently than damages for pain and suffering, and I see no conceptual distinction between these damage items for the purpose of deciding whether such recovery is or is not community property. Consequently, I find that the claims for pain and suffering and for loss of consortium are separate elements of damage brought in a single claim by the Bowlins as a marital community. There are no other claims competing for the limitation fund. Accordingly, this is a single claim case.

1. As used herein, Tom F. Kelly Company refers to any or all of the following parties who have filed claims in this action: Tom F. Kelly Company, Tom F. Kelly individually, or Kel-Kote Marine, Ltd.

2. With respect to the procedure to be followed in this court for lifting the injunction, *see Anderson v. Nadon, supra*, at 57–59; G. Gilmore and C. Black, The Law of Admiralty § 10–19 (2d Ed. 1975).

Claimants Bowlin are directed to prepare an order in conformity herewith.