[No. 49548-3.   En Banc.   January 12, 1984.]

*In the Matter of the Marriage of* RONNA R. BROWN,
*Petitioner, and* WILLIAM L. BROWN,
*Respondent.*

*E. R. Skone* (of *Dodel, Skone, Leonardson & Perkins*), for petitioner.

*Stanley F. Atwood* and *Atwood, Sferra & Shuey,* for respondent.

DIMMICK, J.—When a third party tortfeasor injures a spouse during the marriage, how should the potential recovery on the personal injury claim be characterized for purposes of distribution in a subsequent dissolution proceeding? The Court of Appeals, Division One, held that Ronna Brown's potential recovery for an injury sustained during her marriage was community property. We reverse. Under our opinion today, recovery for an injury inflicted upon a married person by a third party tortfeasor is the separate property of the injured spouse, except to the extent the recovery compensates the community for lost wages which would have been community property, or injury–related expenses which the community incurred. The disposition of Ronna's potential recovery entered by the trial judge, which was reversed by the Court of Appeals, is in accord with our holding and is reinstated.

I

Ronna and William L. Brown were married on January 27, 1967. In October 1975, Ronna filed for dissolution. The parties later reconciled and the action was dismissed. Prior to this dismissal, the parties entered into a postnuptial agreement. The agreement provided that certain assets were separate and others were community. It further stated that in the event of dissolution each party would be awarded his or her separate property and all of the community property accumulated by the parties would be equally divided.

In September 1979, Ronna instituted a second dissolution action. In this action, both parties agreed that the postnuptial agreement was valid and binding. The trial judge considered herself bound by the agreement and divided the property accordingly.

Approximately 6 months before the second action was filed, Ronna had been injured in an automobile accident. At trial, no cross examination concerning her injury or the value of her potential recovery was permitted. Out–of–pocket expenses relating to her injury and incurred prior to

trial had been reimbursed in full. The trial court characterized her potential recovery as follows:

a. Recovery for out of pocket expenses incurred after trial is the separate property of the party incurring said expenses and should be awarded to that party.

b. Recovery for petitioner's lost earnings and diminished earning capacity from the date of the accident until the date of separation, September 4, 1979, is community property and should be awarded one–half to each party.

c. Recovery for petitioner's lost earnings and diminished earning capacity after the date of separation, September 4, 1979, is the separate property of the petitioner and should be awarded to her.

d. Recovery for all other damages is the separate property of the petitioner and should be awarded to her. The control of the litigation should repose with the petitioner who should have exclusive authority to compromise the claim. In the event the case is submitted to the jury trial the above allocation of the damages should proceed upon special interrogatories.

Conclusion of law 6.A.7. Clerk's Papers, at 19–20.

William appealed. The Court of Appeals reversed, holding that Ronna's third party tort claim was community property.

## II

The established rule in Washington has heretofore been that recovery for injuries to a married person by a third party tortfeasor is community property. *Freehe v. Freehe,* 81 Wn.2d 183, 191, 500 P.2d 771 (1972).

This rule has its genesis in the early case of *Hawkins v. Front St. Cable Ry.,* 3 Wash. 592, 28 P. 1021 (1892). *Hawkins* was a tort action brought by husband and wife to recover damages resulting from injuries received by the wife while riding as a passenger on a streetcar. The defendant tortfeasor challenged an instruction which permitted the jury to take the husband's loss of his wife's services into consideration in computing damages. This court upheld the instruction on the following reasoning:

At common law, when a wife was injured through the tort of a third person, the injury and the right of action

were hers, but she could not sue unless her husband, if living, joined her as plaintiff. The recovery in that case was the pecuniary measure of her own injury and suffering in body and mind. But there was another element of damage which could be recovered only by her husband suing alone in a separate action, viz., his loss of her services and his outlay in restoring her to health. . . .

*. . . But inasmuch as the right to sue for a tort which one has suffered is a chose in action, and therefore property, in those states where, as here, all property acquired by either spouse otherwise than by gift, bequest, devise or descent is common or community property, this chose in action is suable by that member of the community who has the disposition of the community personalty. . . .*

. . . In this case, therefore, the husband was the only necessary party, though the wife, by §7, Code of 1881, is a proper party, and in this action all of the damages naturally flowing from the injury complained of are recoverable.

(Italics ours.) *Hawkins,* at 595–96.

Thus, the issue in *Hawkins* was whether the plaintiff husband could recover damages for the loss of his wife's services in an action brought for personal injury to his wife. The *Hawkins* court found it necessary to characterize the personal injury claim in order to determine what role the husband played as a plaintiff in the action. Because the claim was community property, it followed that the husband was suing in his capacity as manager of the community personalty, and all damages were recoverable in the one community action.

The *Hawkins* rule that a claim for personal injury to a married person by a third party tortfeasor is community property was consistently followed in subsequent decisions of this court. *See, e.g., Chase v. Beard,* 55 Wn.2d 58, 346 P.2d 315 (1959); *Ostheller v. Spokane & I.E. R.R.,* 107 Wash. 678, 182 P. 630 (1919); *Hammond v. Jackson,* 89 Wash. 510, 154 P. 1106 (1916). Although the rule was applied in a variety of contexts, many of the early cases applied it to hold that the husband, as manager of the

community personalty, was a necessary party to the wife's action for personal injury sustained during the marriage. *See, e.g., Clark v. Beggs,* 138 Wash. 62, 244 P. 121 (1926); *Hynes v. Colman Dock Co.,* 108 Wash. 642, 185 P. 617 (1919); *Schneider v. Biberger,* 76 Wash. 504, 136 P. 701, 6 A.L.R. 1056 (1913).

In 1972, the State Legislature amended the community property statutes to grant the wife equal power to manage and control community property. RCW 26.16.030. This change made *Hawkins* and its progeny obsolete to the extent they had held that the husband, as manager of the community property, was a necessary party to his wife's personal injury action. Nevertheless, the vitality of the *Hawkins* rule itself, which was based on an interpretation of statutes defining separate and community property, continued on unimpaired.[1]

Two Court of Appeals decisions applied the *Hawkins* rule to the issue before us today, namely, proper characterization of a spouse's third party tort recovery for purposes of distributing it when the marriage has been dissolved. *Perez v. Perez,* 11 Wn. App. 429, 523 P.2d 455 (1974) was a declaratory judgment action brought to determine a woman's interest in a personal injury settlement received by her former husband after their divorce. The injury had occurred during the marriage. Relying on the *Hawkins* rule, the *Perez* court held that the settlement was community property. Since the settlement had not been divided during the divorce action, it was deemed to be property held by the parties as tenants in common. *Perez,* at 431–32.

*In re Marriage of Parsons,* 28 Wn. App. 276, 622 P.2d

---

[1]We deviated from the *Hawkins* rule only once. In *Freehe v. Freehe,* 81 Wn.2d 183, 191, 500 P.2d 771 (1972), the "established rule that recovery for injuries to a married person by a third–party tort–feasor is community property" was found not controlling in a personal injury action by one spouse against the other. Instead, the injured spouse was permitted to recover as his separate property damages for pain and suffering and one–half the damages for loss of future earnings. Such separate characterization was deemed necessary in order to compensate the injured spouse without unduly benefiting the tortfeasor spouse. *Freehe,* at 191–92.

415, *review denied*, 95 Wn.2d 1019 (1981) involved a husband who had received $77,500 in settlement of a personal injury claim. Community medical expenses and lost wages had been otherwise reimbursed. In the subsequent dissolution proceeding, the husband argued that the entire settlement was his separate property, since it compensated him for damages to his personal security, an "asset" brought into the marriage.

The *Parsons* court, believing itself bound by the *Hawkins* line of authority, held the settlement to be community property. It explained the reasoning behind the *Hawkins* rule in modern terms:

> Separate property is defined as property and pecuniary rights acquired before marriage or acquired after marriage by gift, bequest, devise or descent. It also includes the rents, issues and profits from separate property. RCW 26.16.010, .020. Community property is all other property acquired by either spouse after marriage that is not acquired or owned as separate property. RCW 26.16-.030. This "waste basket" definition of community property results in property being characterized as community unless it meets the definition of separate property. The Washington rule is that fortuitous acquisition of damages for personal injury by a third party tort–feasor is community property because it does not fit within the definition of separate property.

(Citations omitted.) *Parsons*, at 278.

### III

The *Hawkins* rule has been criticized by legal commentators and rejected by the majority of our fellow community property states.

Commentators William deFuniak and Michael Vaughn blame the *Hawkins* rule on an incomplete understanding of the basic principles of community property law:

> The frequently evident dissatisfaction with the frequently inadequate reasons given for the doctrine that compensation for personal injuries to a spouse is community property lie in an incomplete understanding of the true principles of community property. This incomplete understanding in itself often leads to a too literal inter-

pretation of the local statutes. . . . Except for gifts clearly made to the marital community, community property only consists of that which is acquired by onerous title, that is, by labor or industry of the spouses, or which is acquired in exchange for community property (which, of course, was acquired itself by onerous title, again with the exception as to the gift). It must be plainly evident that a right of action for injuries to person, reputation, property, or the like, or the compensation received therefor, is not property acquired by onerous title. The labor and industry of the spouses did not bring it into being. For that matter, it is not property acquired by lucrative title either. What then, is it? Since the right of action for injury to the person, or for that matter, to the reputation, is intended to bring about compensation for the injury, and the compensation is intended to repair or make whole the injury, so far as is possible in such a case, the compensation partakes of the same character as that which has been injured or suffered loss. In this respect, the situation is very similar to an exchange of property during marriage. But what or who has been injured? Is it the marital community or is it the separate individuality of the spouse? In actuality, both. The physical injury to the spouse, the pain and suffering of the spouse therefrom is an injury to the spouse as an individual. . . . But on the other hand, if the injury deprives the marital community of the earnings or services of the spouse, that is an injury to the marital community; likewise there is loss to the community where the community funds are expended for hospital and medical expenses, etc.

(Footnotes omitted.) W. deFuniak & M. Vaughn, *Community Property* § 82, at 201–03 (2d ed. 1971). *See also* Cross, *The Community Property Law in Washington,* 49 Wash. L. Rev. 729, 773–75 (1974).

Our fellow community property states have also criticized and rejected the *Hawkins* rule. Nevada was the first to do so in *Fredrickson & Watson Constr. Co. v. Boyd,* 60 Nev. 117, 102 P.2d 627 (1940). Pursuant to the Nevada community property statutes, all property acquired after marriage and other than by gift, bequest, devise or descent was community property. The *Fredrickson* court acknowledged that

the statute could be broadly construed to encompass every manner of property acquisition. However, construing the word "acquired" in the light of the uses and purposes of community property, the court concluded that the word encompassed wages or other property acquired through toil, talent, or other productive faculty, but not compensation for personal injury. Rather, a personal injury claim took its character from the right violated, namely, the separate right of personal security. *Fredrickson,* at 121–22.

In *Rogers v. Yellowstone Park Co.,* 97 Idaho 14, 539 P.2d 566 (1974), the Idaho Supreme Court utilized similar reasoning. There, it was argued that a wife could not sue for personal injuries inflicted through her husband's negligence because, under prior case law, any recovery would be community and benefit the tortfeasor husband. The *Rogers* court acknowledged that prior case law had held tort recovery to be community property because it was "acquired" after marriage, but not by gift, bequest, devise or descent. *Rogers,* at 18. However, it noted, the correct approach was to characterize the recovery in relation to the right violated, *i.e.,* the wife's *separate* right to personal security. Thus, it followed that the wife's action was not barred.[2] *Rogers,* at 18–19.

In New Mexico and Arizona, recovery for personal injury suffered by one spouse during the marriage has been held to be community property to the extent it compensates the community for medical expenses and lost wages, but separate to the extent it compensates the injured spouse for his or her pain and suffering. *Soto v. Vandeventer,* 56 N.M. 483, 245 P.2d 826 (1952); *Jurek v. Jurek,* 124 Ariz. 596, 606 P.2d 812 (1980). In Texas, recovery for personal injury sustained during marriage is the separate property of the injured spouse, except for any recovery for loss of earning

---

[2]Interestingly, when it came time to determine what damages were recoverable, the *Rogers* court followed *Freehe v. Freehe, supra,* to hold that damages for pain and suffering and one–half lost wages could be recovered as separate property, together with reimbursement of the community's out–of–pocket expenses. *Rogers v. Yellowstone Park Co.,* 97 Idaho at 20.

capacity during the marriage. Tex. Fam. Code Ann. § 5.01(a)(3) (Vernon 1975). Similarly, in Louisiana, damages due to personal injury sustained by a spouse during the marriage are separate property, though damages attributable to community expenses or lost community earnings remain community property. La. Civ. Code Ann. art. 2344 (West Supp. 1983).

Only California has a different rule. There, recovery for personal injury inflicted by a third party is the separate property of the injured spouse only if the cause of action arose while the injured spouse was living separate from the other spouse, or after rendition of a decree of legal separation, an interlocutory decree of dissolution, or a final judgment of dissolution. Cal. Civ. Code § 5126 (West 1983). Otherwise, the rule that personal property acquired during the marriage is community property controls. Cal. Civ. Code § 5110, as amended in 1983 Cal. Legis. Serv. ch. 342 (West).

## IV

Upon consideration of these persuasive authorities, we have come to the conclusion that the *Hawkins* rule, based as it was upon a too literal reading of our community property statutes, was wrong from the beginning.

RCW 26.16.030 provides that property "acquired" by either spouse after marriage is community unless it is acquired or owned as prescribed in RCW 26.16.010 and RCW 26.16.020, defining separate property. In company with the Nevada Supreme Court, we believe that the word "acquired" should be construed to encompass wages and other property acquired through the toil, talent, or other productive faculty of either spouse, but not compensation for personal injury. *See Fredrickson & Watson Constr. Co. v. Boyd,* 60 Nev. 117, 121, 102 P.2d 627 (1940). Such a construction is consistent with the basic principle that, except for gifts to the community, community property consists only of that which is acquired by onerous title, or in exchange for other community property. W. deFuniak & M.

Vaughn, at 201.

■ If recovery for a personal injury suffered during the marriage is not community property under the terms of RCW 26.16.030, how is it to be characterized? Since the recovery is intended to make whole an injury, it should partake of the same character as that which has suffered injury or loss. W. deFuniak & M. Vaughn, at 202. Thus, damages for physical injury and pain and suffering, which compensate the injured spouse for the harm to his or her separate individuality, should be separate property. Damages for injury–related expenses should be community or separate according to which fund incurs the expenses. Similarly, damages for lost wages and diminished earning capacity should partake of the same community or separate character as the wages and earning capacity they are intended to reimburse or make whole.

We note that in most cases, compensation for lost wages and diminished earning capacity will be community property, because the wages which would have been earned during the marriage but for the injury are community. *Colagrossi v. Hendrickson*, 50 Wn.2d 266, 272, 310 P.2d 1072 (1957). However, if a marriage is dissolved after the injury is sustained, it may be that the recovery will compensate the injured spouse in part for wages which would have been earned after separation, and would therefore have been separate property pursuant to RCW 26.16.140. Under our holding today, such damages would be separate. Thus, the separated spouse who must receive compensation from a tortfeasor is placed in the same position as a separated spouse who is paid wages by an employer.

It is also true that in most cases, compensation for injury–related expenses will be community property, because the community will incur and pay those expenses. Under our holding today, however, the compensation a divorced spouse receives for continuing injury–related expenses which he or she alone must pay will be separate property. Thus, we eliminate the obvious inequity of permitting the uninjured spouse to share in reimbursement for

expenses which he or she is not obligated to, and does not, pay.

Turning to the case before us today, we find that the trial judge correctly applied these principles in characterizing Ronna Brown's potential tort recovery. At the time of trial, there were no unreimbursed out-of-pocket expenses. Recovery for out-of-pocket expenses incurred *after* trial was properly held to be the separate property of the party (presumably Ronna) incurring the expenses. Recovery for lost wages and diminished earning capacity was correctly held to be community property up until the date of separation, but the separate property of Ronna thereafter. Finally, recovery for all other damages, *i.e.*, pain and suffering, was accurately characterized as Ronna's separate property.

Therefore, we reverse the Court of Appeals and reinstate the judgment of the trial court. *Perez v. Perez*, 11 Wn. App. 429, 523 P.2d 455 (1974) and *In re Marriage of Parsons*, 28 Wn. App. 276, 622 P.2d 415, *review denied*, 95 Wn.2d 1019 (1981) directly conflict with this decision and are hereby disapproved. *Hawkins* and its progeny are overruled to the extent necessary to conform the law to today's opinion.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, DORE, and PEARSON, JJ., concur.